IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOES 1-14, on their own behalf and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 21-cv-05683 |
| v. | ) ) | Judge John F. Kness |
| NORTHSHORE UNIVERSITY HEALTHSYSTEM, | ) ) ) ) | |
| Defendant. | ) | |

**TEMPORARY RESTRAINING ORDER**

On October 29, 2021, the Court conducted a hearing on the motion for a temporary restraining order (dkt. 3) filed by Plaintiffs, Jane Does 1-14, on their own behalf and on behalf of all others similarly situated. Defendant NorthShore University HealthSystem was served with process (dkt. 13), provided notice of the hearing (dkt. 14), and given an opportunity to file a written response in opposition to Plaintiffs' motion for temporary restraining order (dkt. 24). Following argument of counsel for both Plaintiffs and Defendant, the Court granted Plaintiffs' motion for a temporary restraining order, in part. (Dkt. 30). As articulated by the Court more fully on the record at the hearing, the Court found, among other things, that: (a) there is some likelihood of success on Plaintiffs' claims against Defendant brought under the Illinois Health Care Right of Conscience Act (Count I) and Title VII of the Civil Rights Act of 1964 (Count II); (b) on the issue of irreparable harm and inadequate remedy at law, Plaintiffs made a showing that they may suffer irreparable harm for which money damages are not adequate pending a hearing on the motion for preliminary injunction, given the choice to be vaccinated against their religious beliefs or potentially lose their employment; and (c) although there is a great public interest in protecting the public from COVID,

there is also a public interest in protecting religious freedom and free exercise rights, and the balance of harms and public interest factors weigh in favor of granting a temporary restraining order.

For these reasons, and as more fully articulated on the record at the hearing, the Court hereby enters this Temporary Restraining Order, as follows:

1) Defendant NorthShore University HealthSystem is hereby enjoined from placing Plaintiffs Jane Does 1 through 14 on unpaid leave, terminating their employment or unilaterally changing their compensations, benefits, terms or conditions (except for changes that affect employees generally) on the basis of their COVID-19 vaccination status or their compliance or non-compliance with Defendant's COVID-19 vaccination policy.

2) It shall not be a violation of this Order for Defendant to require Plaintiffs to remain home during the pendency of this Order, and not to report to work at any of Defendant's facilities, provided such Plaintiffs continue to receive the same pay and benefits as if they were reporting to work, and provided further that Defendant does not hire permanent replacements that interfere with Plaintiffs' ability to return to their positions in the event the Court orders such relief.

3) In the event any Plaintiff is permitted to work at any of Defendant's sites during the pendency of this Order, such Plaintiff must comply with all of Defendant's COVID-19 protocols, including but not limited to weekly testing.

4) This Order shall be effective as of November 1, 2021 and until the Court enters a further Order on Plaintiffs' motion for preliminary injunction, a hearing on which is scheduled for November 16, 2021. The 14-day limitation of Fed. R. Civ. P. 65(b)(2) does not apply to this Order, because this Order is entered with notice to Defendant. Nevertheless, if that limitation were applicable, the Court finds good cause for extending the duration of this Order because the Court

has provided additional time for briefing on the pending preliminary injunction motion at the request of Counsel for Defendant.

      5)     Under Rule 65(c) of the Federal Rules of Civil Procedure, the Court sets the bond required to be posted by Plaintiffs at $5,000, such amount having been suggested by the parties and "consider[ed] proper" by the Court. *See* Fed. R. Civ. P. 65(c).

      6)     No ruling was made on the class allegations, and this Order applies only to the 14 Plaintiffs.

**SO ORDERED** in No. 21-cv-05683.

Entered on November 1, 2021 at 7:45 p.m. CDT.

                                                                                                _____
                                                                                JOHN F. KNESS
                                                                                  United States District Judge