**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JANES DOES 1-14, on their own behalf and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> NORTHSHORE UNIVERSITY HEALTHSYSTEM, <br><br> Defendant. | Civil Action No. 1:21-cv-05683 <br> Hon. John F. Kness |

**DEFENDANT NORTHSHORE UNIVERSITY HEALTHSYSTEM'S MOTION FOR
LEAVE TO FILE UNDER SEAL**

Pursuant to Local Rules 5.8 and 26.2, Defendant NorthShore University HealthSystem ("NorthShore") respectfully requests permission to file under seal Exhibit 6 to the Declaration of Dianna Sparacino in support of NorthShore's opposition to Plaintiffs' Motion to Extend Preliminary Injunctive Relief to the Provisional Class.

1.      NorthShore's opposition brief, filed contemporaneously herewith, identifies several grounds against extending preliminary injunctive relief to a putative class, including that Plaintiffs do not meet the prerequisites of class certification set out in Federal Rules of Civil Procedure Rule 23. In support of its Rule 23-based arguments, NorthShore has submitted a chart of over 200 job titles held by team members who submitted exemption requests. This chart is attached as Exhibit 6 to the declaration of Dianna Sparacino.

2.      Several of the job titles listed in Exhibit 6 are positions held by a limited number of team members (in some cases, even just one), and are thus likely to reveal those team members' identities.

3.      Plaintiffs have requested and seek to maintain anonymity regarding their identify. The public identification of team member positions represented in Exhibit 6 could lead to the identification of the anonymously named Plaintiffs as well as other unnamed team members who are not actively participating in this litigation.

4.      Out of an abundance of caution, and in the interest of its team members' privacy, NorthShore therefore seeks to file Exhibit 6 under seal.

5.      Pursuant to Local Rule 26.2, NorthShore is provisionally filing Exhibit 6 to the Declaration of Dianna Sparacino under seal and is filing concurrently herewith a proposed public version of Exhibit 6, which replaces the exhibit with a slip sheet.

6.      As discussed herein, good cause exists for filing Exhibit 6 under seal.

7.      Placing Exhibit 6 under seal will not prejudice any of the Parties.

For the foregoing reasons, NorthShore respectfully requests leave from the Court to file Exhibit 6 to the Declaration of Dianna Sparacino in Support of NorthShore's Opposition to Plaintiffs' Motion to Extend Preliminary Injunctive Relief to the Provisional Class under seal.

Dated: November 15, 2021

Respectfully Submitted,

/s/ David E. Dahlquist
David E. Dahlquist
Kevin P. Simpson
Nasir Hussain
Savannah L. Murin
**WINSTON & STRAWN LLP**
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600
ddahlquist@winston.com
ksimpson@winston.com
nhussain@winston.com
smurin@winston.com

Marc R. Jacobs
Paul J. Yovanic, Jr.

**SEYFARTH SHAW LLP**
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606
(312) 460-5000
mjacobs@seyfarth.com
pyovanic@seyfarth.com


*Counsel for NorthShore University HealthSystem*

3

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on November 15, 2021, I electronically filed a true and correct copy of the foregoing *Motion for Leave to File Under Seal* with the Clerk of Court using the CM/ECF system, and served the foregoing via email on the below listed counsel of record:

Sorin A. Leahu (sleahu@leahulaw.com)
Matthew D. Staver (court@lc.org)
Horatio G. Mihet (hmihet@lc.org)
Roger K. Gannam (rgannam@lc.org)
Daniel J. Schmid (dschmid@lc.org)


_____/s/Nasir Hussain_____
Nasir Hussain

4