# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, JANE DOE 5, JANE DOE 6, JANE DOE 7, JANE DOE 8, JANE DOE 9, JANE DOE 10, JANE DOE 11, JANE DOE 12, JANE DOE 13, JANE DOE 14, <br><br>　　　　Plaintiffs, <br><br>　　　　v. <br><br>NORTHSHORE UNIVERSITY HEALTHSYSTEM, <br><br>　　　　Defendant. | No. 21-cv-05683 <br><br> Judge John F. Kness |

## PRELIMINARY APPROVAL ORDER

This matter having come before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Collective and Class Action Certification, For Approval of Settlement Notice, and for Scheduling of Final Approval Hearing, the Court having reviewed and considered the Motion, the supporting Memorandum of Law and the attached exhibits, including the Class Action Settlement Agreement ("Settlement" or "Settlement Agreement") and its attachments, and the Court being fully advised in the premises,

IT IS ORDERED AS FOLLOWS:

　　　　1.　　　　Capitalized terms not defined in this Order are defined in the Parties' Settlement Agreement.

　　　　2.　　　　The Court preliminarily approves the Settlement as fair, reasonable, and adequate. Title VII and Illinois Health Care Right of Conscience Act collective action is approved as a fair and reasonable resolution of a *bona fide* dispute in this contested litigation.

3. The Settlement Agreement was the result of arm's-length negotiations between counsel with the help of an experienced mediator.

4. The Court finds, on a preliminary basis, that Class Counsel has adequately represented the proposed Settlement Class, which is defined as follows:

> All NorthShore Team Members who: (1) between July 1, 2021, and January 1, 2022, submitted to NorthShore a request for religious exemption and/or accommodation from its Vaccine Policy requiring COVID-19 vaccination; (2) were denied a religious exemption and/or accommodation; and (3) either received a COVID-19 vaccine to avoid termination or were discharged or resigned based upon their religious declination of a COVID-19 vaccine.

5. The Court specifically finds, for settlement purposes only, that (i) the class is so numerous that joinder is impracticable; (ii) common questions of law and fact exist; (iii) the Class Representatives' claims are typical of the class members' claims; and (iv) the Class Representatives will be able to fairly and adequately protect the interests of the class. In addition, for settlement purposes only, the Court finds that questions of law or fact common to the class predominate over questions affecting individual class members and the class action is superior to other available methods of adjudication. Certification of the Settlement Class for settlement purposes is the best means for protecting the interests of all the Settlement Class Members.

6. The Court finds that distribution of notice to the proposed Settlement Class Members is justified because Plaintiffs have shown that the Court will likely be able to (i) approve the Settlement under Rule 23(e)(2) and (ii) certify the proposed Settlement Class for purposes of settlement. As a result, the Court approves the Settlement Agreement and finds that distribution of the Notice as set forth in Section 10.3.4 of the Settlement Agreement: (1) meets the requirements of federal law and due process; (2) is the best notice practicable under the circumstances; and (3) shall constitute due and sufficient notice to all individuals entitled thereto.

7. The Court appoints the attorneys that sign the agreement as Plaintiffs' Counsel as putative class counsel. That is presumptively the chosen attorneys on the case of Liberty Counsel, including Horatio Mihet.

8. The Court appoints the class action settlement administration firm American Legal Claim Services LLC as the Settlement Administrator.

9. The Parties and the Settlement Administrator shall have the deadlines set forth in the Joint Motion for Certification of Settlement Class and Preliminary Approval of Class Action Settlement. (Dkt. 107, at 20–21.) Some of the pertinent deadlines are included below, but the proposed schedule is otherwise adopted in full. The Parties may, by mutual written agreement, agree upon a reasonable extension of time for the deadlines in this paragraph, without further notice to the Court:

    a. Within thirty (30) days of the Court entering this Order on the docket, Defendant will provide the Settlement Administrator and Class Counsel with a complete listing of all Settlement Class Members (the "Class List"). The Class List must be produced in Excel format and must include each Settlement Class Member's name, Employee ID number, last known mailing address, cell phone number (if available), personal email address (if available), and the last state where he or she worked for Defendant. The Class List provided to the Settlement Administrator must also identify each Settlement Class Member's social security number.

    b. Within thirty (30) days Defendant will deposit $30,000.00 into the Settlement Fund in accordance with the Preliminary Settlement Agreement.

    c. Within thirty (30) days the Named Plaintiffs can proceed with the process to seek rehiring in accordance with the Preliminary Settlement Agreement.

  d. Doe 14's stipulation of dismissal, (Dkt. 108), is accepted and Doe 14 is dismissed.

  e. Within fifteen (15) days of Defendant providing a complete listing of the Class List, Notice and Claims forms shall be mailed to the Settlement Class members (and otherwise distributed per the Notice Plan).

  f. Thirty (30) days after that initial notice a reminder notice shall be mailed to non-responsive Class Members.

  g. Within thirty (30) days of the reminder notice Settlement Class members shall submit their Claims Forms or will opt-out of the class, in accordance with the Settlement Agreement.

  h. Settlement Class Members who wish to object to the Settlement must mail a written statement to that effect to the Settlement Administrator. Such written statement must be postmarked within sixty (60) days from the date of the mailing of the Notice.

  i. Settlement Class Members who wish to exclude themselves from the Settlement must submit a signed, written statement requesting exclusion. Such written request for exclusion must be postmarked within sixty (60) days from the date of the mailing of the Notice.

  j. No later than seven (7) days after the deadline for submitting objections and exclusions, the Settlement Administrator must furnish to Class Counsel and Defendant's Counsel a complete list of all Maine Settlement Class Members who have timely requested exclusion from the Maine Settlement Class and a copy of all objections received.

10. A Fairness Hearing, for purposes of determining whether the Settlement should be finally approved, will be held before this Court on December 19, 2022, at 9:00 a.m., in Room 1725

of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois, 60604 (or by telephone or other remote means as the Court may direct).

11. Any Settlement Class Member may enter an appearance in the Action, at his or her own expense, individually or through counsel of his or her choice. Any Settlement Class Member who does not enter an appearance or exclude himself or herself from the Settlement will be represented by Class Counsel.

12. Any Settlement Class Member may appear at the Fairness Hearing and show cause, if any, why: (1) the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate; (2) why a judgment should or should not be entered thereon; (3) why attorneys' fees should or should not be awarded to Class Counsel; and/or (4) why the Named Plaintiffs and Opt-in Plaintiffs should not receive extra compensation in the form of a Service Award. The Court will consider and rule upon all timely objections at the Fairness Hearing.

13. Class Counsel must file a Petition for Attorneys' Fees and Litigation Expenses no later than twenty-eight (28) days after the Court enters this Order on the docket.

14. All papers in support of Final Approval of the Settlement must be filed no later than seven (7) days before the Fairness Hearing.

15. At the Fairness Hearing, the Court must determine whether the proposed Settlement, and any application for Service Awards and attorneys' fees and litigation expenses, must be approved.

16. The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Settlement Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED in No. 21-cv-05683.

Date: August 5, 2022

JOHN F. KNESS
United States District Judge

6