**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JANE DOE 1, JANE DOE 2, JANE DOE 3,
JANE DOE 4, JANE DOE 5, JANE DOE 6,
JANE DOE 7, JANE DOE 8, JANE DOE 9,
JANE DOE 10, JANE DOE 11, JANE DOE
12, JANE DOE 13,

     Plaintiffs,

  v.

NORTHSHORE UNIVERSITY
HEALTHSYSTEM,

     Defendant.

No. 21-cv-05683

Judge John F. Kness

**FINAL JUDGMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT**

  Before the Court are the Parties' Joint Motion for Final Approval of Class Action Settlement and Approval of Service Awards (Dkt. 120) and Plaintiffs' Unopposed Motion for Attorneys' Fees and Costs (Dkt. 119) (together, the "Motions").[1] By Order dated August 5, 2022, the Court (a) preliminarily approved the Settlement; (b) certified the Settlement Class; (c) ordered that notice of the proposed Settlement be directed to potential Class Members; (d) provided Class Members with the opportunity to either exclude themselves or to object to the proposed Settlement; and (e) scheduled a fairness hearing regarding final approval of the Settlement. (Dkt. 115.) The Court then conducted a fairness hearing on December 19, 2022.

  The Court, having considered both Motions, any objections (including the written and oral statements of two objectors who appeared at the fairness hearing and a third written objection), and the arguments of counsel at the fairness hearing, as well as the pleadings and papers on file

---

[1] Unless otherwise defined, all terms used herein have the same meaning as set forth in the Settlement Agreement (Dkt. 107-1).

herein, has determined that the Motions should be granted for the reasons stated on the record at the fairness hearing.

**IT IS THEREFORE HEREBY ORDERED AND AJUDGED THAT**:

1.      The Court has jurisdiction over the subject matter of this Lawsuit and all Parties to this Lawsuit, including all Named Plaintiffs and all members of the Settlement Class;

2.      The Motions are granted;

3.      Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court finally certifies, for settlement purposes only, the following Settlement Class:

> All NorthShore Team Members who: (1) between July 1, 2021, and January 1, 2022, submitted to NorthShore a request for religious exemption and/or accommodation from its Vaccine Policy requiring COVID-19 vaccination; (2) were denied a religious exemption and/or accommodation; and (3) either received a COVID-19 vaccine to avoid termination or were discharged or resigned based upon their religious declination of a COVID-19 vaccine.

4.      For settlement purposes only, the Court finds that the prerequisites for a class action under Federal Rule of Civil Procedure 23(a) and 23(b)(3) are satisfied;

5.      The notice directed to the Class Members is the best notice that is practicable under the circumstances and meets the requirements of Federal Rule of Civil Procedure 23(c)(2)(B);

6.      The Class Action Settlement (Dkt. 107-1) is fair, reasonable, and adequate under the factors set forth in Federal Rule of Civil Procedure 23(e)(2); is fully and finally approved in all respects; and all objections thereto are overruled;

7.      No member of the Settlement Class timely opted out of the Settlement or filed a request for exclusion from the Settlement. The Court dismisses with prejudice all Released Claims on behalf of the Settlement Class, including each member of the Settlement Class;

8.      All Released Claims, including any separate or individual claims filed by any Class Member in whatever form or forum (including, without limitation, any charges filed with the Equal

Employment Opportunity Commission and/or the Illinois Department of Human Rights, as well as any individual lawsuits and any class or collective claims, are hereby released, withdrawn, and barred in accordance with Section 14.1 of the Settlement Agreement;

9.      Notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA") was timely sent by Defendant. The Court finds that the Parties complied with the requirements of CAFA;

10.     Promptly upon the funding of the Settlement Fund under Section 7.2 of the Settlement Agreement, the Settlement Administrator shall, without further order from the Court, disburse to Liberty Counsel (as Class Counsel) the sum of $2,061,500.00 as and for reasonable attorney's fees and costs incurred in this case;

11.     The Court approves the request for service awards of $20,000.00 for each of the thirteen Class Representatives, which shall be disbursed to them in accordance with the Settlement Agreement;

12.     The Parties shall continue to proceed according to the terms of the Settlement until all of its provisions are carried out. No further order of this Court shall be necessary for administration of the Settlement, including disbursements for expenses and claims from the Settlement Fund, so long as the parties and the Settlement Administrator are in agreement as to those disbursements, and those disbursements are not inconsistent with the terms of the Settlement Agreement;

13.     Without affecting the finality of this Judgment in any way, the Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of administering, interpreting, implementing, and enforcing the Settlement; (b) the disposition of the Settlement Fund; and (c) the Settlement Class Members for all matters related to the Action; and

14.     There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Therefore, this is the Final Judgment of this Court. The Clerk is directed to close the case.

SO ORDERED in No. 21-cv-05683.

Date: December 23, 2022

_____

JOHN F. KNESS
United States District Judge